

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTY EMMONS; MAGGIE EMMONS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF ESCONDIDO et al., <br><br> Defendants-Appellees. | No. 16-55771 <br><br> D.C. No. <br> 3:14-cv-01662-JM-DHB <br> Southern District of California, <br> San Diego <br><br> ORDER |

Before: GRABER and HURWITZ, Circuit Judges, and MARBLEY,* District Judge.

The petition for panel rehearing, Docket Entry No. 35, is GRANTED. The memorandum disposition filed February 22, 2018, is amended by the disposition filed contemporaneously with this order as follows:

Replace the sentence on page 3, lines 10–11, beginning with <The district court therefore> with the following:

> The right to be free of excessive force was clearly established at the time of the events in question. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1093 (9th Cir. 2013). Accordingly, as to Defendants Craig and Toth, the district court erred in granting qualified immunity on Mr. Emmons' excessive force claim. But there is no genuine issue of material fact with respect to any other defendant's participation in the

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

alleged excessive force incident, so summary judgment was proper as to all other defendants.

No further petitions for panel rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTY EMMONS; MAGGIE EMMONS, | No. 16-55771 |
| Plaintiffs - Appellants, | D.C. No. 3:14-CV-01662-JM-DHB |
| v. | |
| CITY OF ESCONDIDO, et al., | AMENDED MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted February 6, 2018
Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and MARBLEY,[**] District
Judge.

Maggie Emmons and Marty Emmons appeal a summary judgment in this

action under 42 U.S.C. § 1983 in favor of the City of Escondido and several City

police officers.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

1.   We affirm the district court's judgment as to Ms. Emmons' claims. Although the Fourth Amendment generally bars warrantless entry, "[t]he need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (quoting *Mincey v. Arizona*, 437 U.S. 385, 392 (1978)).  To determine whether such an emergency exists, we ask whether "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need." *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008).  Here officers had an objectively reasonable basis to conclude that there was a need to conduct a welfare check.  *Cf. United States v. Brooks*, 367 F.3d 1128, 1135 (9th Cir. 2004) (holding that an emergency call reporting a potential assault in a hotel room, combined with the suspect's admission that someone inside the room had been "loud" and the fact that the room was in visible disarray, created an exigency that justified warrantless entry).  Once inside the apartment, the officers reasonably limited the scope of the search to a welfare check.  Furthermore, given the red flags the officers encountered at the scene, a reasonable officer could conclude that the potential emergency did not dissipate even though a woman outside the apartment identified herself as the subject of the 911 call.

2. As to Mr. Emmons, there is a genuine issue of material fact as to whether separating him from the house was accomplished with excessive force. We consider the following factors in determining if the use of force is excessive: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Estate of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1005 (9th Cir. 2017) (alteration in original) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)) (internal quotation marks omitted). There is evidence from which a reasonable trier of fact could find that Mr. Emmons was unarmed and non-hostile. The right to be free of excessive force was clearly established at the time of the events in question. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1093 (9th Cir. 2013). Accordingly, as to Defendants Craig and Toth, the district court erred in granting qualified immunity on Mr. Emmons' excessive force claim. But there is no genuine issue of material fact with respect to any other defendant's participation in the alleged excessive force incident, so summary judgment was proper as to all other defendants.

**AFFIRMED in part and REVERSED in part.** Each party is to bear its own costs on appeal.